UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
PETER DIPIETRO,                    :
                                   :
        Petitioner,                :    Civ. No. 19-12709 (NLH)
                                   :
    v.                             :    OPINION
                                   :
WARDEN OF THE BURLINGTON COUNTY    :
DETENTION CENTER, et al.,          :
                                   :
        Respondents.               :
_____:

APPEARANCES:
Peter DiPietro
4321 Atlantic Brigantine Blvd.
Brigantine, NJ 08203
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Peter DiPietro, a pre-trial detainee at the Burlington County Detention Center, Brigantine, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. He challenges the jurisdiction of the State of New Jersey to detain him on various criminal charges and asserts that he "severed all contracts with the STATE OF NEW JERSEY and the UNITED STATES" in 2017. Id. Petitioner also moves for summary judgment based on the State's alleged failure to respond to his habeas petition. ECF No. 4. For the reasons that follow, the Court will deny the motion for summary judgment and dismiss the habeas petition.

I. BACKGROUND[1]

Petitioner states that he "severed [his] contracts] with the State of New Jersey and the United States by indicating he was not a United States citizen and checking the box for 'not a resident of Gloucester County'" on a jury notice. ECF No. 1 at 1. He filed a "Revocation of Election" with the IRS. Id. Petitioner was born in the Commonwealth of Pennsylvania. Id. at 2.

Petitioner states he has been arrested and incarcerated nine times on allegations that he failed to pay his child support obligations. Id. He argues that he was never read his Miranda[2] rights and has not been "personally served in ANY MATTER." Id. He states he has not attended any court proceedings since 2017 and the current criminal charges cannot be prosecuted because there is no jurisdiction. Id. Petitioner argues that (1) failure to pay child support is civil and debt-based, not criminal; (2) that "the charge of driving while suspended is a clear violation of the Petitioner's right to

---

[1] Petitioner is subject to this Court's January 3, 2013 Order in Civil Action 1:12-2338, DiPietro v. Morisky, et al., Docket No. 28, in which this Court Ordered that Plaintiff was enjoined from filing any claims in this District relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court ("Preclusion Order"). As this is a habeas action challenging the authority of the State of New Jersey to try and detain him on criminal charges, the petition does not implicate the Preclusion Order.
[2] Miranda v. Arizona, 384 U.S. 436 (1966).

2

travel"; (3) that "the charge of contempt of court for failure to pay child support is a clear violation of the Petitioner's property rights"; (4) "the charge of Filing false lien against a public official is in violation of the Petitioner's right for redress"; and (5) "all charges are in violation of his Due Process and Equal Protection." Id. at 2-3. He further argues that the State of New Jersey lacks jurisdiction to prosecute, has not sustained an injury, and is generally "trespass[ing] on Petitioner's rights." Id. at 3. He asks the Court to dismiss the charges against him and to order the State to release him from custody. Id. at 6.

In a supplemental filing, Petitioner stated that he appeared before a Superior Court judge on May 20, 2019 for his first appearance. ECF No. 3. According to the supplement, Petitioner informed the court "he wanted to represent himself and would accept a public defender under protest." Id. He states that the court forced him to accept the public defender. Id. In response to the court's questions as to why he failed to appear at his prior court proceedings, Petitioner stated he had not been personally served. Id. at 2. Petitioner asserts that the prosecutor acknowledged that Petitioner had not been served and challenged the court's jurisdiction. Id. He reasserts his claims of violations of the Fourth and Fifth Amendments. Id. at 4.

Petitioner thereafter filed a motion for summary judgment based on the State's alleged failure to respond to his habeas petition. ECF No. 4. Petitioner asks the Court to award him damages under 42 U.S.C. § 1983 in addition to dismissing the charges against him and ordering his release from custody. Id. at 2.

II. DISCUSSION

A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

B. Analysis

Petitioner brings this action under 28 U.S.C. § 2241. To the extent Petitioner moves for summary judgment based on New Jersey's alleged failure to respond to his habeas petition, the Court denies the motion. ECF No. 4. First, New Jersey was under no obligation to answer the petition. Under the Habeas Rules, "[t]he respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254 Rule 5(a) (made applicable through Rule 1(b)). Second, judgment based on a failure to answer would more appropriately be considered default judgment, and "[d]efault judgment is inapplicable in the habeas

5

context." Riley v. Gilmore, No. 15-351, 2016 WL 5076198, at *1 (E.D. Pa. Sept. 20, 2016). Under either theory, Petitioner is not entitled to judgment as a matter of law.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" Moore v. De Young, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting Moore, 515 F.2d at 445–46). In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

6

Moore, 515 F.2d at 443.

There is no indication in the petition or the supplements that Petitioner has exhausted his state court remedies. In order to be deemed exhausted, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). See also DiPietro v. N.J. Family Support Payment Ctr., 375 F. App'x 202, 205 (3d Cir. 2010). ("DiPietro is able to raise his claims in state court and to appeal adverse decisions through the state appellate system and to the United States Supreme Court."). Petitioner states that he has raised his arguments with the trial court, but not the Appellate Division or the New Jersey Supreme Court. Therefore, his claims are unexhausted.

"'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" Moore, 515 F.2d at 442 (quoting Cook v. Hart, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." Id. at 442-43 (internal quotation marks and

7

citations omitted). As Petitioner's claims have not been exhausted in the state courts, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

Petitioner alleges violations of the Fourth, Fifth, and Fourteenth Amendments. He has not presented anything indicating that the state courts are incapable of addressing his arguments. After reviewing the petition and supplements, the Court concludes there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time. "Federal habeas proceedings should not be used as a 'pre-trial motion forum for state prisoners,' or to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" Williams v. New Jersey, No. 16-3195, 2017 WL 680296, at *3 (D.N.J. Feb. 21, 2017) (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973)).

"The Third Circuit has held in other pre-trial habeas actions that requiring defendants to 'undergo the rigors of trial' does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies." Id. (quoting Moore, 515 F.2d at 446). "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be,

8

to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." Moore, 515 F.2d at 449.

The Court denies Petitioner's summary judgment motion. As Petitioner has not exhausted his state court remedies and there are no extraordinary circumstances, the Court will dismiss the § 2241 petition. The dismissal is without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[3]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

---

[3] The Court expresses no opinion as to whether any potential petition has otherwise met the requirements of § 2254.

9

court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies is correct.

III. CONCLUSION

For the foregoing reasons, the motion for summary judgment is denied. The petition for writ of habeas corpus is dismissed. No certificate of appealability shall issue. An appropriate order will be entered.

Dated: November 27, 2019     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.